UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CAMERON B. MURDOCH

       Plaintiff,                           Case No.: 2:21-cv-00202

vs.

CITY OF MILWAUKEE,
ALFONSO MORALES,
CAPTAIN HEATHER WURTH,
LIEUTENANT MARK WROBLEWSKI,
JOSEPH ZAWIKOWSKI,
DONALD KRENZIEN, and
JUSTIN HEARD

       Defendants.

---

## JOINT 26(f) REPORT

---

      Pursuant to this Court's Order dated June 3, 2021, and Federal Rule of Civil Procedure 26(f), the undersigned counsel conferred on August 11, 2021, to discuss the proposed discovery plan in this case. The parties discussed the matters specified in Federal Rule of Civil Procedure 26(f) as well as in the Court's June 3, 2021 Order and submit the following Report and Joint Discovery Plan. Attorney Drew J. DeVinney will appear on behalf of Plaintiff and can be reached at (414) 856-2310; Attorney Tearman Spencer, City Attorney, by Deputy City Attorney Yolanda Y. McGowan who can be reached at 414-286-2645.

      **(1)    Nature of Case.**

      This is an action under 42 U.S.C. §§ 1983 and 1988 and the Fourteen and Fourth Amendments to the United States Constitution.  Plaintiff alleges that Defendants Krenzien and Zawikowski used excessive force in arresting him while he attended a protest on June 2, 2020. Plaintiff further alleges that Defendants Wurth, Wroblewski, Zawikowski, Krenzien, and Heard unlawfully arrested him without probable cause. Plaintiff next alleges that Defendants Morales, Wurth, and Heard failed to intervene to prevent the violation of his constitutional rights. Plaintiff also brings a *Monell* claim against Defendant Morales and the City of Milwaukee. Finally, as a Fifth Claim for Relief, Plaintiff alleges that, after the incident occurred, Defendants Morales, Worth, Wroblewski, Zawikowski, Krenzien, and Heard disseminated false statements to the public that were defamatory against Plaintiff.

Defendants have denied Plaintiffs' allegations and asserted various affirmative defenses, including, but not limited to, failure to state a claim and qualified immunity.

**(2)     Early Disposition**

During the conference on August 11, 2021, the parties agreed that this case is suitable for an early mediation and will attempt to schedule a mediation within sixty days. The parties agree that the early mediation should occur prior to discovery. As the Court is aware from Defendants' Motion to Stay, (Dkt 10), the City Attorneys' Office has been faced with a "high, and unprecedented number of attorney departures." The City Attorneys' Office remains short staffed and hopes to assign this case to an attorney soon; however, the parties anticipate that this will affect the ability to conduct discovery in this case. Given these circumstances and the pending discovery needs in this case, the parties agree that a good faith early mediation prior to discovery is appropriate.

**(3)     Disclosures as Required Under Rule 26(a).**

**(a)**     Initial disclosures pursuant to Rule 26(a)(1) shall be made by all parties by **November 10, 2021**.

**(b)**     Plaintiffs shall disclose expert witnesses, if any, with reports by **February 11, 2022**. Defendants shall disclose expert witnesses, if any, with reports by **April 22, 2022**

**(c)**     Pretrial disclosures pursuant to Rule 26(a)(3) will be made as required by the provisions of Rule 26(a)(3).

**(4) Subject on Which Discovery May be Needed.**

Discovery is needed on the allegations in Plaintiffs' Complaint and in the Defendants' Answer and Affirmative Defenses according to the standard of permissible discovery set out in Rule 26 and applicable law.

**(5) Changes in Limitations on Discovery.**

At this point, the parties are unaware of any changes that need to be made on discovery limitations. If it becomes apparent that changes are necessary, the parties anticipate that an agreement can be reached among counsel.

**(6) Any Other Orders Under Rule 26(c) or Under Rule 16(b).**

The parties do not anticipate any orders under Rule 26(c).

The parties make the following additional recommendations under Rule 16:

**(a) Whether Parties Will be Joined or the Pleadings Will be Amended.**

The parties are reviewing whether amendments or additional parties will be appropriate or required and request a deadline of **December 10, 2021** to amend pleadings including joining additional parties.

**(b) Completion of Discovery.** Discovery shall be completed by **June 17, 2022.**

**(c) Summary Adjudication Under Federal Rule of Civil Procedure 56 and Local Rule 56.** The parties anticipate that summary judgment or other dispositive motions may be filed in this matter. These motions may be filed on or before **June 17, 2022**. Responses and Replies can follow the deadlines set forth in the Local Rules.

**(d) Estimated Trial Length.** The parties anticipate trial to last **two weeks.**

**(e) Whether a Jury Trial is Requested.** The parties request a jury trial.

**(f) Recommended Dates for Final Pre-Trial Conference and Trial.** The parties request that the final pretrial conference be scheduled on or near **August 19, 2022**.

**(g) Formulation and Simplification of the Issues.** The parties will attempt to formulate and simplify the issues through discovery in advance of dispositive motions.

**(h) Necessity or Desirability of Obtaining Advance Rulings on the Admissibility of Certain Evidence.** The parties anticipate no advance rulings at this time but reserve the right to file motions *in limine* and other pre-trial motions in advance of evidentiary proceedings in front of any judge.

**(i) Avoidance of Unnecessary Proof and Limitations on the Use of Testimony Under Federal Rule of Evidence 702.** If the need arises, the parties will attempt to facilitate stipulations involving such issues.

**(j) Issues Relating to Disclosure or Discovery of Electronically Stored Information.** The parties do not anticipate such issues but if it becomes apparent that electronic discovery issues may exists, the parties anticipate that an agreement can be reached amongst counsel.

**(k) Issues Relating to Claims of Privileges or Protection of Trial Preparation Material.** If either party inadvertently produces any document that it thereafter believes to be protected from discovery by any recognized privilege or the work product doctrine, the producing party shall give written notice to the receiving party of the purported inadvertent disclosure. The party to whom the document is produced shall return the document and all copies of the document to the party claiming the privilege or work product protection within seven days of receipt of written notice of the inadvertent production and any notes or summaries made from the inadvertently produced document shall be immediately destroyed. A party returning inadvertently produced documents does not waive its right to challenge the other party's assertion of the privilege or work product protection by motion.

Dated this 18th day of August, 2021.

/s/ DREW J. DEVINNEY
Drew J. De Vinney, SBN 01088576

**MARTIN LAW OFFICE, S.C.**
Attorney for Plaintiff(s)
7280 S. 13th St., Ste. 102
Oak Creek, WI 53154
414-856-2670
drew@martin-law-office.com

*Attorneys for Cameron B. Murdoch*

Dated this 17th day of August, 2021.

/s/ YOLANDA Y. MCGOWAN
Yolanda Y. McGowan, SBN 1021905

**Milwaukee City Attorney's Office**
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
414-273-1300
ymcgowan@milwaukee.gov

*Attorneys for Defendants, City of Milwaukee, Alfonso Morales, Captain Heather Wurth, Lieutenant Mark Wroblewski, Joseph Zawikowski, Donald Krenzien, and Justin Heard*